¶ 1} A, Donna Dilauro, appeals from the decision of the Summit County Court of Common Pleas, granting summary judgment to appellees, Corky's Thomastown Café and William McFrye. We affirm.
{¶ 2} On May 3, 2002, Ms. Dilauro filed a complaint against appellees. The complaint related to alleged injuries Ms. Dilauro incurred at Corky's Thomastown Café. The appellees filed an answer and a cross-claim against Ms. Dilauro. On June 17, 2002, the appellees moved for summary judgment. Ms. Dilauro did not file a motion in opposition to the motion for summary judgment but, rather, requested a jury trial. On July 18, 2002, the trial court granted the appellees' motion for summary judgment with regard to Ms. Dilauro's claim. The appellees voluntarily dismissed their counterclaim. This appeal followed.
{¶ 3} Ms. Dilauro raises three assignments of error. We will consider them together to facilitate review.
 First Assignment of Error
{¶ 4} "THE COURT OF COMMON PLEAS ERRORED [sic] IN ITS DECISION GRANTING APPELLEE'S [sic] MOTION FOR SUMMARY JUDGMENT."
 Second Assignment of Error
{¶ 5} "THE COURT OF COMMON PLEAS ERRORED [sic] IN GRANTING A PRE-TRIAL CONFERENCE AND SCHEDULING JURY DUTY ON THE SAME DAY."
 Third Assignment of Error
{¶ 6} "THE COURT OF COMMON PLEAS ERRORED [sic] IN NOT GRANTING A JURY TRIAL."
{¶ 7} In her assignments of error, Ms. Dilauro generally asserts that the trial court erred in granting summary judgment, in not having a pretrial conference, in scheduling Ms. Dilauro for jury duty on the same day as another hearing was scheduled, and, finally, in not holding a jury trial. Ms. Dilauro does not elaborate upon these assigned errors nor does she argue why these alleged actions constitute error. Moreover, Ms. Dilauro fails to identify in the record the errors upon which her assignments of error are based.
{¶ 8} "An appellant bears the burden of affirmatively demonstrating error on appeal." Hutchison v. Henderson, 9th dist. No. 20862, 2002-Ohio-4521, ¶ 39. An appellant's brief must contain argument and law, "with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). If the party presenting an assignment of error for review, "fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief" this Court may disregard the assignment of error. App.R. 12(A)(2). It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox (1996), 114 Ohio App.3d 41,60. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673.
{¶ 9} As Ms. Dilauro has failed to make any arguments in support of her contentions and, also, has failed to provide references to the pertinent parts of the record necessary to this Court's review, we shall disregard the assigned errors. See App.R. 12(A)(2) and 16(A)(7).
{¶ 10} Ms. Dilauro's assignments of errors are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, P.J. and WHITMORE, J. CONCUR.